# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
### NORTHERN DIVISION

| | | |
|---|---|---|
| NICHOLES D. COOK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 2:21-cv-00047-RWS |
| | ) | |
| DEPARTMENT OF CORRECTIONS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter comes before the Court on the motion of plaintiff Nicholes D. Cook for leave to commence this civil action without prepayment of the required filing fee. (Docket No. 2).[1] Having reviewed the motion and the financial information submitted in support, the Court has determined that Cook lacks sufficient funds to pay the entire filing fee, and will assess an initial partial filing fee of $74.82. *See* 28 U.S.C. § 1915(b)(1). Additionally, for the reasons discussed below, the Court will direct Cook to file an amended complaint.

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28

---

[1] Cook was granted provisional leave to proceed in forma pauperis by the United States District Court for the Western District of Missouri, which transferred the case to this Court on July 1, 2021.

U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10.00, until the filing fee is fully paid. *Id*.

Here, Cook initially filed his complaint and motion for leave to proceed in forma pauperis in the United States District Court for the Western District of Missouri. (Docket No. 1; Docket No. 2). The Western District provisionally granted Cook leave to proceed in forma pauperis and transferred the matter to this Court on July 1, 2021. (Docket No. 4).

On July 29, 2021, Cook submitted a copy of his certified inmate account statement in support of his motion for leave to proceed in forma pauperis. (Docket No. 6). The account statement shows an average monthly deposit of $374.08. The Court will therefore assess an initial partial filing fee of $74.82, which is 20 percent of Cook's average monthly deposit.

## Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016). *See also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372-

73 (8th Cir. 2016) (stating that court must accept factual allegations in complaint as true, but is not required to "accept as true any legal conclusion couched as a factual allegation").

When reviewing a pro se complaint under § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). *See also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (stating that federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). In addition, affording a pro se complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

## The Complaint

Cook is a self-represented litigant who is currently incarcerated at the Jefferson City Correctional Center in Jefferson City, Missouri. At the time relevant to this complaint, however, he was an inmate at the Moberly Correctional Center. As noted above, this action was originally filed in the United States District Court for the Western District of Missouri. The Western District transferred the matter to this Court on July 1, 2021, pursuant to the venue provision in 28 U.S.C. § 1404(a).

The complaint is typewritten on a Court-provided 42 U.S.C. § 1983 form. Cook alleges that his Eighth Amendment rights were violated when a correctional officer used excessive force

against him, and that his due process rights were violated during the subsequent prison disciplinary hearing. He names as defendants the Missouri Department of Corrections; Director Anne Precythe; Correctional Officer Thomas Peeper; Functional Unit Manager Jane Doe; and Deputy Division Director Ryan Crews. (Docket No. 1 at 1-2). Defendants are sued in both their official and individual capacities.

Attached to the complaint are several exhibits, including a "Temporary Administrative Segregation Confinement" form, an offender grievance appeal, and a grievance appeal response. The Court has reviewed these exhibits and will treat them as part of the pleadings.[2]

In his "Statement of Claim," Cook asserts that on June 21, 2020, at 10:15 p.m., he was coming out of his cell "with a tablet [and] cup of coffee in [his] hands." (Docket No. 1 at 4). Officer Peeper told Cook to give Peeper what was in Cook's hand. Instead of complying, Cook asked Officer Peeper about which hand he was referencing. According to Cook, Officer Peeper "became [belligerent]/incoherent" at this response, "so [Cook] walked away." In response, Officer Peeper "physically grabbed [Cook]," at which point Cook "pulled away."

Following Cook's attempt to pull away, Cook alleges that Officer Peeper "grabbed [him] by the hair and was trying to slam [his] face into the wall." He further states that he "believed [he] was being assaulted [and] tried to defend [himself]." Cook does not provide any details about what he means by defending himself, but the grievance appeal response notes that he struck Officer Peeper "with a closed fist" and bit the "middle three fingers on [Peeper's] left hand." (Docket No. 1-1 at 3). In any event, Cook asserts that this incident constituted "an unnecessary excessive use of force." (Docket No. 1 at 4). Cook further claims that Officer Peeper verbally harassed and

---

[2] See Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is part of the pleading for all purposes"). See also Pratt v. Corrections Corp. of America, 124 Fed. Appx. 465, 466 (8th Cir. 2005) (explaining that "the district court was required to consider the allegations not only in [plaintiff's] pro se complaint, but also in his motion to amend, his response to defendants' motion to dismiss, and the attachments to those pleadings").

insulted him while taking him to administrative segregation. (Docket No. 1 at 5). The verbal harassment included racial epithets and "racist behavior."

As to FUM Doe, Cook states that Doe violated his right to due process by "denying [him] a fair and impartial fact finder," and by not giving him the ability "to produce documentary evidence," including affidavits and video camera footage. With regard to Deputy Director Crews, Cook alleges that Crews "acquiesced in these constitutional violations," apparently by denying his grievance appeal. Finally, with respect to the Missouri Department of Corrections and Director Precythe, Cook references an unconstitutional policy whereby evidence is admitted into disciplinary hearings "if it shows an inmate doing wrong," but is not allowed if it shows that guards or staff are "in the wrong."

Based on these events, Cook is seeking "declaratory judgment and injunctive relief," as well as $50 in compensatory damages and $350 in punitive damages from each defendant. (Docket No. 1 at 6).

## Discussion

Cook is a self-represented litigant who brings this civil action pursuant to 42 U.S.C. § 1983, alleging that excessive force was used against him and that his due process rights were violated. Because he is proceeding in forma pauperis, the Court reviewed his complaint under 28 U.S.C. § 1915. Based on that review, and for the reasons discussed below, the Court will order Cook to file an amended complaint.

### A. Deficiencies in Complaint

As set forth above, Cook has named five separate defendants in this action. He has not, however, adequately stated a claim against any of them.

### i.      Missouri Department of Corrections

The Missouri Department of Corrections is a department of the State of Missouri. As such, the claim against it is treated as being made against the state itself. "Section 1983 provides for an action against a 'person' for a violation, under color of law, of another's civil rights." *McLean v. Gordon*, 548 F.3d 613, 618 (8th Cir. 2008). *See also Deretich v. Office of Admin. Hearings*, 798 F.2d 1147, 1154 (8th Cir. 1986) (stating that "[§] 1983 provides a cause of action against persons only"). However, "neither a State nor its officials acting in their official capacity are 'persons' under § 1983." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). *See also Calzone v. Hawley*, 866 F.3d 866, 872 (8th Cir. 2017) (explaining that a "State is not a person under § 1983"); and *Kruger v. Nebraska*, 820 F.3d 295, 301 (8th Cir. 2016) (explaining that "a state is not a person for purposes of a claim for money damages under § 1983"). Moreover, the Eleventh Amendment bars suit against a state or its agencies for any kind of relief, not merely monetary damages. *Monroe v. Arkansas State Univ.*, 495 F.3d 591, 594 (8th Cir. 2007). Because the State of Missouri is not a § 1983 "person," and because it is protected by the Eleventh Amendment's sovereign immunity, Cook's claim against the Missouri Department of Corrections is subject to dismissal.

### ii.      Official Capacity Claims

Cook has sued defendants Precythe, Peeper, Doe, and Crews in their official capacities. In an official capacity claim against an individual, the claim is actually "against the governmental entity itself." *See White v. Jackson*, 865 F.3d 1064, 1075 (8th Cir. 2017). Thus, a "suit against a public employee in his or her official capacity is merely a suit against the public employer." *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999). As defendants are alleged to be employed by the State of Missouri, the official capacity claims against them are actually

treated as claims against the state. In order to prevail on these claims, Cook must establish the state's liability for the alleged conduct. *See Kelly v. City of Omaha, Neb.*, 813 F.3d 1070, 1075 (8th Cir. 2016).

To the extent that Cook is seeking money damages, the official capacity claims fail for two reasons. First, the State of Missouri is not a 42 U.S.C. § 1983 "person" for purposes of a claim for money damages. *See Will*, 491 U.S. at 71 (explaining that "neither a State nor its officials acting in their official capacity are 'persons' under § 1983"); and *Kruger*, 820 F.3d at 301 (explaining that "a state is not a person for purposes of a claim for money damages under § 1983"). Second, an official capacity claim against a state employee for money damages is barred by the Eleventh Amendment. *See Andrus ex rel. Andrus v. Arkansas*, 197 F.3d 953, 955 (8th Cir. 1999) ("A claim for damages against a state employee in his official capacity is barred under the Eleventh Amendment").

To the extent that Cook is seeking prospective injunctive relief, a claim against the State of Missouri is not necessarily barred. Nevertheless, Cook's complaint does not demonstrate the state's liability for violating his constitutional rights. In order to establish liability, Cook has to show that his rights were violated due to an unconstitutional policy, custom, or failure to train. *See Marsh v. Phelps Cty.*, 902 F.3d 745, 751 (8th Cir. 2018) (recognizing "claims challenging an unconstitutional policy or custom, or those based on a theory of inadequate training, which is an extension of the same").

Here, Cook explicitly states that an unconstitutional policy is at issue in his case. To demonstrate the existence of an unconstitutional "official policy," he must show that he was harmed by a "deliberate choice of a guiding principle or procedure made by the [governmental]

7

official who has final authority regarding such matters." *See Corwin v. City of Independence, Mo.*, 829 F.3d 695, 700 (8th Cir. 2016).

According to Cook, the Missouri Department of Corrections has a policy whereby inculpatory evidence is admitted into disciplinary hearings but exculpatory evidence is disallowed. Aside from this conclusory statement, though, Cook provides no factual allegations supporting the existence of such a policy. For example, there is nothing in the complaint to indicate who authored this ostensible policy, whether this person or persons had final authority over such matters, or where the policy can be found in its written form. Indeed, the Court is uncertain as to whether Cook's statement of the policy is meant to be an accurate recitation, or whether it is merely his interpretation of the rules.

For all these reasons, Cook's official capacity claims against Precythe, Peeper, Doe, and Crews are subject to dismissal.

### iii.   Individual Capacity Claim Against Director Precythe

Cook alleges that Director Precythe has "applied" an unconstitutional policy of the Missouri Department of Corrections. As noted above, he has provided no factual support for the proposition that the Department of Corrections has an official policy of excluding inculpatory evidence from evidentiary hearings. Furthermore, in 42 U.S.C. § 1983 actions, individual liability is personal. *See Frederick v. Motsinger*, 873 F.3d 641, 646 (8th Cir. 2017). In other words, "[g]overnment officials are personally liable only for their own misconduct." *S.M. v. Krigbaum*, 808 F.3d 335, 340 (8th Cir. 2015). As such, § 1983 liability "requires a causal link to, and direct responsibility for, the deprivation of rights." *Mayorga v. Missouri*, 442 F.3d 1128, 1132 (8th Cir. 2006) (quoting *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990)). *See also Kohl v. Casson*, 5 F.3d 1141, 1149 (8th Cir. 1993) (dismissing plaintiff's excessive bail claims because

8

none of the defendants set plaintiff's bail, and therefore, "there can be no causal connection between any action on the part of the defendants and any alleged deprivation" of plaintiff's rights). To that end, a plaintiff must allege facts connecting the defendant to the challenged action. *See Bitzan v. Bartruff*, 916 F.3d 716, 717 (8th Cir. 2019).

In this case, Cook has not alleged that Director Precythe took any actions whatsoever. Instead, he premises liability on her role as the Director of the Missouri Department of Corrections. However, "a general responsibility for supervising the operations of a prison is insufficient to establish the personal involvement required to support liability." *Camberos v. Branstad*, 73 F.3d 174, 176 (8th Cir. 1995). Therefore, Cook's individual capacity claim against Director Precythe is subject to dismissal.

### iv.    Individual Capacity Claim Against Officer Peeper

Cook has alleged that Officer Peeper used excessive force against him. The Eighth Amendment forbids the "unnecessary and wanton infliction of pain" constituting cruel and unusual punishment. *Hudson v. McMillan*, 503 U.S. 1, 9-10 (1992). *See also Burns v. Eaton*, 752 F.3d 1136, 1138 (8th Cir. 2014) ("After incarceration, only the unnecessary and wanton infliction of pain constitutes cruel and unusual punishment forbidden by the Eighth Amendment"). When a prison official is accused of using excessive physical force in violation of the Eighth Amendment, the core judicial inquiry is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Jackson v. Gutzmer*, 866 F.3d 969, 974 (8th Cir. 2017). *See also Ward v. Smith*, 844 F.3d 717, 721 (8th Cir. 2016) ("Because the use of force is sometimes required in prison settings, guards are liable only if they are completely unjustified in using force, i.e., they are using it maliciously and sadistically"). The factors to be considered in determining whether force was used in good faith include "the need for the

application of force, the relationship between the need and the amount of force that was used, and the extent of injury inflicted." *Whitley v. Albers*, 475 U.S. 312, 321 (1986).

In this case, Cook has not sufficiently alleged that Officer Peeper's use of force was done maliciously or sadistically, rather than to maintain or restore discipline. Specifically, Cook's own facts indicate that he refused to comply with an order, that he physically pulled away from Officer Peeper, and that he "tried to defend [himself]." In addition, Cook's exhibits state that he punched Officer Peeper and bit three of his fingers. Based on these facts, Cook has not adequately alleged that Officer Peeper used excessive force. As such, the individual capacity claim against Officer Peeper is subject to dismissal.

### v.      Individual Capacity Claim Against FUM Doe

Cook has asserted that FUM Doe was his hearing officer and violated his right to due process by "denying [him] a fair and impartial fact finder." Rather than support this claim with any factual allegations, however, Cook merely recites a cause of action. In other words, he has concluded that his due process rights were violated without specifying the actions that FUM Doe took or failed to take that actually violated the constitution. Simply supplying a legal conclusion without factual enhancement is insufficient to state a claim. *See Hamilton v. Palm*, 621 F.3d 816, 817-18 (8th Cir. 2010) (explaining that to state a cause of action, "[a] pleading that merely pleads labels and conclusions, or a formulaic recitation of the elements of a cause of action, or naked assertions devoid of factual enhancement will not suffice"). Therefore, the individual capacity claim against FUM Doe is subject to dismissal.

### vi.     Individual Capacity Claim Against Deputy Director Crews

Cook has accused Deputy Director Crews of acquiescing in the violation of his constitutional rights, apparently because Crews denied his grievance appeal. Even if true, this does

not state a constitutional violation, because a prison's grievance procedure does not confer upon an inmate a substantive right. *See Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993). *See also Lomholt v. Holder*, 287 F.3d 683, 684 (8th Cir. 2002) (agreeing with district court that "defendants' denial of [plaintiff's] grievances did not state a substantive constitutional claim"); and *Fallon v. Coulson*, 5 F.3d 531, 1993 WL 349355, at *1 (8th Cir. 1993) (unpublished opinion) (stating that the failure of defendants "to acknowledge receipt of and respond to plaintiffs' grievances pursuant to prison procedure did not violate any of plaintiffs' constitutional rights"). As such, Cook's individual capacity claim against Deputy Director Crews is subject to dismissal.

**B. Order to Amend**

Because Cook is a self-represented litigant, the Court will allow him to file an amended complaint according to the instructions set forth below. **Cook must follow these instructions**.

Cook should type or neatly print his amended complaint on the Court's civil rights form, which will be provided to him. *See* E.D. Mo. L.R. 2.06(A) ("All actions brought by self-represented plaintiffs or petitioners should be filed on Court-provided forms"). If the amended complaint is handwritten, the writing must be legible. In the "Caption" section of the Court-provided form, Cook should clearly name each and every party he is intending to sue. *See* Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties"). If there is not enough room in the caption, Cook may add additional sheets of paper. However, all the defendants must be clearly listed. Cook should fill out the complaint form in its entirety, and ensure that it is signed.

In the "Statement of Claim" section, Cook should provide a short and plain statement of the factual allegations supporting his claim. *See* Fed. R. Civ. P. 8(a). He should put each claim into a numbered paragraph, and each paragraph should be "limited as far as practicable to a single set of circumstances." *See* Fed. R. Civ. P. 10(b).

The amended complaint should only include claims that arise out of the same transaction or occurrence. In other words, Cook should only include claims that are related to each other. *See* Fed. R. Civ. P. 20(a)(2). Alternatively, he may choose a single defendant and set forth as many claims as he has against that defendant. *See* Fed. R. Civ. P. 18(a).

In structuring his amended complaint, Cook should begin by writing the defendant's name. In separate, numbered paragraphs under that name, he should write a short and plain statement of the factual allegations supporting his claim against that specific defendant. If he is suing more than one defendant, he should follow the same procedure for each defendant.

Cook must specify whether he intends to sue each defendant in an official capacity, an individual capacity, or both. The failure to sue a defendant in his or her individual capacity may result in the dismissal of that defendant.

If Cook is suing a defendant in an individual capacity, he is required to allege facts demonstrating the personal responsibility of the defendant for harming him. *See Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990) (stating that § 1983 liability "requires a causal link to, and direct responsibility for, the deprivation of rights"). Furthermore, the Court emphasizes that the "Statement of Claim" requires more than "labels and conclusions or a formulaic recitation of the elements of a cause of action." *See Neubauer v. FedEx Corp.*, 849 F.3d 400, 404 (8th Cir. 2017).

If Cook is suing multiple defendants, it is important that he establish the responsibility of each separate defendant for harming him. That is, for each defendant, he must allege facts showing how that particular defendant's acts or omissions violated his constitutional rights. It is not enough to make general allegations against all the defendants as a group. Rather, Cook needs to provide the role of each named defendant in this case, in order that each specific defendant can receive

12

notice of what he or she is accused of doing. *See Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (stating that the essential function of a complaint "is to give the opposing party fair notice of the nature and basis or grounds for a claim").

Cook is warned that the filing of an amended complaint **completely replaces** the original complaint. This means that claims that are not re-alleged in the amended complaint will be deemed abandoned. *See In re Wireless Tel. Fed. Cost Recovery Fees Litig.*, 396 F.3d 922, 928 (8th Cir. 2005) ("It is well-established that an amended complaint supercedes an original complaint and renders the original complaint without legal effect").

After receiving the amended complaint, the Court will review it pursuant to 28 U.S.C. § 1915. Cook's failure to make specific factual allegations against a defendant will result in the dismissal of that defendant. If he fails to file an amended complaint on a Court-provided form within thirty days in accordance with the instructions set forth herein, the Court will dismiss this action without prejudice and without further notice to Cook.

### C.  Motion to Appoint Counsel

Cook has filed a motion to appoint counsel. (Docket No. 7). In civil cases, a pro se litigant does not have a constitutional or statutory right to appointed counsel. *Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013). Rather, a district court may appoint counsel in a civil case if the court is "convinced that an indigent plaintiff has stated a non-frivolous claim…and where the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018). When determining whether to appoint counsel for an indigent litigant, a court considers relevant factors such as the complexity of the case, the ability of the pro se litigant to investigate the facts, the existence of conflicting testimony,

and the ability of the pro se litigant to present his or her claim. *Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006).

After reviewing these factors, the Court finds that the appointment of counsel is not warranted at this time. As discussed above, Cook's complaint is subject to dismissal, and he is being ordered to file an amended complaint. Additionally, neither the factual nor the legal issues in this case appear to be complex. The Court will entertain future motions for appointment of counsel as the case progresses, if appropriate.

Accordingly,

**IT IS HEREBY ORDERED** that Cook's motion for leave to proceed in forma pauperis (Docket No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that Cook must pay an initial partial filing fee of $74.82 within thirty (30) days of the date of this order. Cook is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that Cook's motion for appointment of counsel (Docket No. 7) is **DENIED** at this time.

**IT IS FURTHER ORDERED** that the Clerk of Court shall send to Cook a copy of the Court's prisoner civil rights complaint form.

**IT IS FURTHER ORDERED** that Cook shall file an amended complaint on the Court-provided form in accordance with the instructions set forth above within **thirty (30) days** of the date of this order.

**IT IS FURTHER ORDERED** that if Cook fails to file an amended complaint on the Court-provided form in accordance with the instructions set forth above within **thirty (30) days** of the date of this order, the Court will dismiss this action without prejudice and without further notice.

**IT IS FURTHER ORDERED** that upon the filing of Cook's amended complaint, the Court will review it pursuant to 28 U.S.C. § 1915.

RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 5th day of November, 2021.