**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**NORTHERN DIVISION**

NICHOLES D. COOK,                                    )
                                                     )
          Plaintiff,                                 )
                                                     )
     v.                                              )          No. 2:21-cv-00047-RWS
                                                     )
DEPARTMENT OF CORRECTIONS, et al.,                   )
                                                     )
          Defendants.                                )

## MEMORANDUM AND ORDER

This matter comes before the Court on its own motion. On November 5, 2021, the Court

directed Plaintiff Nicholes Cook to file an amended complaint on a Court-provided form. (Docket

No. 8). He was given thirty days in which to comply. More than thirty days have elapsed, and the

Court has not received a response. Therefore, for the reasons discussed below, the Court will

dismiss this action without prejudice. *See* Fed. R. Civ. P. 41(b).

## Background

Cook is a self-represented litigant who is currently incarcerated at the Jefferson City

Correctional Center in Jefferson City, Missouri. At the time relevant to this complaint, however,

he was an inmate at the Moberly Correctional Center. On June 30, 2021, Cook filed a civil action

pursuant to 42 U.S.C. § 1983 in the United States District Court for the Western District of

Missouri. (Docket No. 1). Along with the complaint, Cook also filed a motion for leave to proceed

in forma pauperis. (Docket No. 2). On July 1, 2021, the Western District granted Cook provisional

leave to proceed in forma pauperis and transferred the matter to this Court under the venue

provision in 28 U.S.C. § 1404(a). (Docket No. 4).

The complaint was typewritten on a Court-provided 42 U.S.C. § 1983 form. In it, Cook alleged that his Eighth Amendment rights were violated when a correctional officer used excessive force against him, and that his due process rights were violated during the subsequent prison disciplinary hearing. He named as defendants the Missouri Department of Corrections; Director Anne Precythe; Correctional Officer Thomas Peeper; Functional Unit Manager Jane Doe; and Deputy Division Director Ryan Crews. Defendants were sued in both their official and individual capacities.

Because Cook was proceeding in forma pauperis, the Court reviewed his complaint under 28 U.S.C. § 1915. Based on that review, the Court determined that the action was subject to dismissal. With regard to the Missouri Department of Corrections, the Court explained that the State of Missouri was not a 42 U.S.C. § 1983 "person" for purposes of a claim for money damages, and that the Eleventh Amendment barred suit against the state for any kind of relief. *See Kruger v. Nebraska*, 820 F.3d 295, 301 (8th Cir. 2016) (explaining that "a state is not a person for purposes of a claim for money damages under § 1983"); and *Monroe v. Arkansas State Univ.*, 495 F.3d 591, 594 (8th Cir. 2007) (explaining that the Eleventh Amendment bars suit against a state or its agencies for any kind of relief, not merely monetary damages).

For the same reasons, the official capacity claims against defendants for money damages failed, as such claims were treated as being made against the state itself. *See Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999) (stating that a "suit against a public employee in his or her official capacity is merely a suit against the public employer"); *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989) (explaining that "neither a State nor its officials acting in their official capacity are 'persons' under § 1983"); and *Andrus ex rel. Andrus v. Arkansas*, 197 F.3d 953, 955 (8th Cir. 1999) ("A claim for damages against a state employee in his official

capacity is barred under the Eleventh Amendment"). To the extent that Cook sought prospective injunctive relief, the Court determined that he had not sufficiently alleged the State of Missouri's liability for violating his constitutional rights. *See Marsh v. Phelps Cty.*, 902 F.3d 745, 751 (8th Cir. 2018) (recognizing "claims challenging an unconstitutional policy or custom, or those based on a theory of inadequate training, which is an extension of the same").

As to Director Precythe, the Court noted that Cook had not alleged her personal responsibility, but premised liability on her position of authority, which was not sufficient to state a claim. *See Camberos v. Branstad*, 73 F.3d 174, 176 (8th Cir. 1995) (stating that "a general responsibility for supervising the operations of a prison is insufficient to establish the personal involvement required to support liability"). Regarding Deputy Director Crews, the claim that Crews denied Cook's grievance appeal failed to state a constitutional violation, as a grievance procedure does not confer upon an inmate a substantive right. *See Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993).

With respect to FUM Doe, the Court explained that Cook's allegation that Doe denied him "a fair and impartial fact finder" presented a cause of action unsupported by any factual allegations. *See Hamilton v. Palm*, 621 F.3d 816, 817-18 (8th Cir. 2010) (explaining that to state a cause of action, "[a] pleading that merely pleads labels and conclusions, or a formulaic recitation of the elements of a cause of action, or naked assertions devoid of factual enhancement will not suffice"). Finally, Cook's allegations against Officer Peeper for excessive force were not sufficient for initial review, as they did not establish that the force used against him was done maliciously or sadistically, rather than to maintain or restore discipline. *See Ward v. Smith*, 844 F.3d 717, 721 (8th Cir. 2016) ("Because the use of force is sometimes required in prison settings, guards are

liable only if they are completely unjustified in using force, i.e., they are using it maliciously and sadistically").

Rather than dismissing outright, the Court ordered Cook to submit an amended complaint. A Court form was sent to him, and instructions were provided in the order to assist him in properly amending. Cook was given thirty days to comply. He was advised that the failure to comply would result in the dismissal of this action without prejudice and without further notice.

**Discussion**

On November 5, 2021, the Court ordered Cook to file an amended complaint on a Court-provided form within thirty days. The amended complaint was due on or before December 6, 2021. In the order, Cook was warned that his failure to comply would result in the dismissal of this action without prejudice and without further notice.

The deadline for Cook to file his amended complaint has expired. Indeed, the Court has given him more than thirty days to comply. Despite being given additional time, he has not submitted an amended complaint, nor sought an extension of time in which to do so.

"In general, pro se representation does not excuse a party from complying with a court's orders and with the Federal Rules of Civil Procedure." *Ackra Direct Marketing Corp. v. Fingerhut Corp.*, 86 F.3d 852, 856 (8th Cir. 1996). Under Rule 41(b) of the Federal Rules of Civil Procedure, an action may be dismissed for failure to comply with a court order. *See* Fed. R. Civ. P. 41(b). This rule applies to self-represented litigants. *See Brown v. Frey*, 806 F.2d 801, 803 (8th Cir. 1986) (stating that district court may dismiss a pro se litigant's action for failure to comply with a court order on its own initiative). Because Cook has not complied with the Court's order of November 5, 2021 and has not sought an extension of time in which to comply, the Court will dismiss this action without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that this action is **DISMISSED** without prejudice for failure to comply with the Court's order of November 5, 2021. *See* Fed. R. Civ. P. 41(b). A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that an appeal from this dismissal would not be taken in good faith.

RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 6th day of January, 2022.